DA 13-0002

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 371N

IN THE MATTER OF:

H.H.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DN 11-21
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Lucy Hansen, Attorney at Law; Missoula, Montana

    For Appellee:

    Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General; Helena, Montana

    Fred R. Van Valkenburg, Missoula County Attorney, Matthew B. Lowy,
Deputy County Attorney; Missoula, Montana

Submitted on Briefs:  November 20, 2013
Decided:  December 10, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.H. is the father of H.H. A hearing for termination of D.H.'s parental rights was scheduled for August 6, 2012. When the hearing commenced, the court was informed that no Court Appointed Special Advocate (CASA) or guardian ad litem (GAL) was present to represent H.H.'s best interests. Kristen Vorreyer (Vorreyer), a supervisor in the CASA program, acted as H.H.'s CASA until another volunteer could be appointed on August 9. Throughout the continuation of the termination hearing, CASA Alicia Maclean (Maclean) and attorney Janna Gobeo (Gobeo) represented H.H.

¶3 The District Court issued its findings of fact and conclusions of law on November 5, 2012. The court found that D.H. had failed to successfully complete a number of tasks in his treatment plan that related to H.H. The central issue addressed by the treatment plan concerned H.H.'s statements and behavior indicating that D.H. had sexually assaulted her. The court considered the treatment plan together with testimony from Katherine Florez (Florez), H.H.'s individual therapist, and Taryn Kovac (Kovac), a social worker involved with the family. Based on this testimony, the court concluded that D.H. had failed to take any steps to repair the father-daughter relationship pursuant to the treatment plan, and that his conduct was unlikely to change within a reasonable time.

2

¶4     We review a decision to terminate parental rights for abuse of discretion, and we review a court's findings of fact to determine whether they are clearly erroneous. *In re D.B.*, 2008 MT 272, ¶ 13, 345 Mont. 225, 190 P.3d 1072.  A court may terminate parental rights if the parent has failed to comply with a court-approved treatment plan and the conduct or condition of the parent rendering him unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA.

¶5     Section 41-3-607(4), MCA, requires a GAL to be appointed to represent the child's best interests in a hearing determining the involuntary termination of the parent-child legal relationship.  However, "no civil case shall be reversed by reason of error which would have no significant impact upon the result; if there is no showing of substantial injustice, the error is harmless." *In re C.B.*, 2001 MT 42, ¶ 16, 304 Mont. 252, 20 P.3d 117; *In re D.B.*, ¶ 38.

¶6     D.H. contends that he offered compelling testimony that his daughter had been coached to say that he sexually assaulted her, and that the appointment of a GAL would have changed the outcome of the termination proceeding.  But the District Court did not commit clear error by finding Florez and Kovac to be more credible than D.H.  Those witnesses testified that H.H. had disclosed the sexual assault, exhibited symptoms of post-traumatic stress disorder, and had demonstrated "sexualized acting out at her day care."  In light of this evidence, the District Court's finding that "the cause of the Youth being a youth in need of care is her Father's sexual assault of the Youth" was not clearly erroneous.

¶7     Second, D.H. has not presented any evidence to support his argument that the lack of a formal GAL influenced the outcome of the case.  Rather, D.H. has simply presented the law that gives rise to the statutory right and asserted that a manifest miscarriage of justice

3

will occur if we do not review his claim. No evidence has been presented to demonstrate that H.H.'s best interests were not represented at the hearing, and no evidence or claim has cast doubt on Gobeo, Maclean, or Vorreyers' effective assistance to H.H. D.H.'s attorney even recognized that the appointment of Vorreyer "follows the intent of the law. . . ."

¶8 Finally, it bears noting that the CASA initially appointed as GAL in these proceedings had conducted an investigation before having to withdraw for personal reasons, and that D.H. agreed with the court that the new CASAs could rely on the reports prepared by this previous CASA. One or more CASAs were present for each and every session of the adjudication and during all phases of the termination hearing. In addition, the child was represented by counsel throughout these proceedings. Had counsel deemed the interim absence of an active GAL significant to the best interests of the child, counsel could have raised an objection. None was raised. In light of these circumstances, we conclude that the District Court's failure to formally appoint a GAL was harmless error.

¶9 For the foregoing reasons, we affirm. The District Court's conclusions were supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. We have therefore determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH

4

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE